File Name: 08a0205n.06
Filed: April 17, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-3511

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

CHELLIS ACKERS, et al.,

    Plaintiffs-Appellants,

v.

CELESTICA CORP. and LUCENT
TECHNOLOGIES, INC.,

    Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:    MARTIN, GIBBONS, and GRIFFIN, Circuit Judges

    BOYCE F. MARTIN, JR., Circuit Judge. A group of former employees sued Celestica Corporation and Lucent Technologies alleging fraud under state law. The district court dismissed the claims as preempted under the National Labor Relations Act. We AFFIRM.

I

    The following facts are alleged in Ackers' complaint. Lucent operated a manufacturing facility in Columbus, Ohio until 2001 when it sold the facility to Celestica. During and prior to the transition, Lucent stated it planned to "keep the work and jobs in Columbus." Lucent also offered early retirement packages prior to the sale to reduce its workforce. Celestica and the union representing the facility's remaining employees then negotiated a collective bargaining agreement.

Celestica and Lucent assured the union that Celestica would remain in Columbus for at least five years and would increase production. In return, the union accepted lower wages and other contract concessions.

Once in control of the facility, Celestica had the former Lucent employees train employees from its other facilities in the specialized manufacturing techniques the former Lucent employees had mastered. By June of 2002, Celestica began relocating some of the manufacturing to its Canadian facilities based on its newly acquired expertise. Celestica then announced it would close the Columbus facility in October of 2002 and relocate the remaining work to cheaper facilities. It laid off all the employees and sold the facility back to Lucent.

A group of employees filed suit in Ohio state court on May 10, 2006 alleging fraud, fraudulent inducement, and a violation of public policy. Celestica removed the case to federal court based on diversity and filed a motion for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion, finding that the employees' claims were preempted from its jurisdiction by the National Labor Relations Act because the allegations were arguably a violation of the Act. The employees then appealed to this Court on April 20, 2007.

II

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction on the face of the complaint, this Court reviews the decision of the district court *de novo* while accepting the plaintiffs' allegations as true. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Sav. and Loan Ass'n,* 549 F.2d 884, 890-91 (3d Cir. 1977)).

Claims are preempted by the National Labor Relations Act when the activities complained of are arguably covered by the Act under 29 U.S.C. § 158(d) (§ 8 of the Act). "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon,* 359 U.S. 236, 245 (1959). Thus "[w]hen it is clear or may fairly be assumed that the activities . . . constitute an unfair labor practice under § 8," preemption applies. *Id.* at 244.

In this case, relief from the alleged misconduct underlying the employees' claims may be found through § 158 protections. Section 158(d) requires the "employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder." A unilateral action or bargaining in bad faith concerning a subject of mandatory bargaining violates 29 U.S.C. § 158(d). *See Nat'l Labor Relations Bd. v. Katz*, 369 U.S. 736, 743 (1962). Subjects of mandatory bargaining include the terms of a collective bargaining agreement, *see* 29 U.S.C. § 158(d), the results or effects of a decision to shut down a facility, *see First Nat'l Maint. Corp. v. Nat'l Labor Relations Bd.*, 452 U.S. 666, 679 n.15 (1981), and relocation of bargaining unit work, *see Taylor Warehouse Corp. v. Nat'l Labor Relations Bd.*, 98 F.3d 892, 901 (6th Cir. 1996). Celestica allegedly acted fraudulently by inducing the employees to stay with promises of continued work while having no intention of keeping the facility open any longer than necessary to acquire the employees' specialized knowledge. Celestica allegedly made statements about its commitment to the Columbus operation both before and after entering into the Collective

Bargaining Agreement, yet transferred the work to other facilities. This conduct would represent a failure to bargain in good faith regarding each of the above mandatory subjects of bargaining, and therefore a violation of § 158(d). Because such conduct constitutes an unfair labor practice under § 158, the claims based on that conduct must be heard before the National Labor Relations Board, and not in district court.

The employees argue on appeal that the district court over-simplified their claims and as a result erred in granting the motion to dismiss based on preemption. Specifically, the employees point to the decision to close the plant despite continuing assurances, made after they entered into the Collective Bargaining Agreement, that the plant would remain open for at least five years. The employees argue that because the fraud continued *after* they entered into the Collective Bargaining Agreement, that continuing fraud would not be actionable under § 158, and is therefore not preempted. This Court, however, has found such continuing acts of fraud to be preempted in the past. *See Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279, 1286-87 (6th Cir. 1986) (holding that fraudulent statements pertaining to the closure of a facility made subsequent to a collective bargaining agreement implicated a duty to bargain in good faith over the effects of the closure). The employees argue further that the decision to close a plant is not the subject of mandatory bargaining, and therefore is not covered by § 158. It is true that the decision to close a plant is not generally the subject of mandatory bargaining. *See Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 379 (3d Cir. 1999). However, recasting the complaint as one about plant closure does not alter the underlying conduct, which remains arguably a violation of § 158 for the reasons stated above. *See Serrano*, 790

F.2d at 1287. Because the conduct need only be "arguably" a violation of §158 for preemption to apply, the employees claims are preempted in this case.

III

Because their claims are "arguably" covered by the National Labor Relations Act, we AFFIRM the decision of the district court dismissing the case for lack of subject matter jurisdiction.